[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

No. 05-12967

_____

D. C. Docket No. 04-00020-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO VALLADARES,
a.k.a. Berto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 26, 2006)**

Before BARKETT, WILSON and REAVLEY[*], Circuit Judges.

PER CURIAM:

---

[*]Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Roberto Valladares appeals his 240-month sentence, imposed after he pled guilty to conspiring with the intent to distribute five or more kilograms of cocaine and fifty or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He argues that the district court failed to give adequate consideration to the sentencing factors in 18 U.S.C. § 3553(a), and, therefore, his sentence was unreasonable. The government argues in response that 18 U.S.C. § 3742(a), which provides a defendant with the statutory right to appeal, does not confer jurisdiction to review the reasonability of Valladares's sentence.

We have previously rejected the government's position with regard to jurisdiction. See United States v. Martinez, No. 05-12706, 2006 WL 39541 (11th Cir. Jan. 09, 2006); see also United States v. Mickelson, No. 05-2324, 2006 WL 27687 (8th Cir. Jan. 6, 2006) (rejecting the government's position that appellate courts lack jurisdiction to review sentences for reasonableness under § 3742(a)). Because "only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision," we must reject the government's jurisdictional argument. United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004).

Because we have jurisdiction to entertain appellate review, we now turn to the reasonability reasonableness of Valladares's sentence. Because Valladares never raised a constitutional challenge to his sentence, we review for plain error. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005).

2

"An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted).

The record demonstrates that the district court did not commit plain error. The district court considered the statutory factors prior to imposing a sentence of 240 months, at the low end of the applicable guidelines range of between 235 and 293 months' imprisonment. The district court acknowledged that the guidelines are to be used in an advisory rather than mandatory manner. Furthermore, the district court specifically stated that it had considered the seriousness of the offense as well as Valladares's personal history, background, and lack of criminal history in sentencing Valladares at the low end of the guidelines range.

Although the district court did not detail the weight that it had accorded to each sentencing factor, we do not require a sentencing court to "conduct an accounting of every § 3553(a) factor . . . and expound upon how each factor played a role in its sentencing decision." United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005); see also United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (holding that district court need not recite a laundry list of sentencing factors

to have adequately considered them under Booker).  Accordingly, the district court did not plainly err when imposing Valladares's sentence because it considered the statutory factors and was not required to elaborate or discuss each of them on the record.

Even if the district court had erred, Valladares has failed to show that his substantial rights were violated.  In order to prove that a Booker error affected his substantial rights, Valladares must demonstrate "a reasonable probability of a different result" absent the error.  United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005).  Where "[t]he record provides no reason to believe any result is more likely than the other," a defendant cannot prevail under plain-error review.  Id.

Valladares does not point to anything in the record that would satisfy his burden of showing a reasonable probability that he would have received a lesser sentence had the district court considered each sentencing factor in greater detail. Because Valladares has failed to demonstrate a reasonable probability of a lesser sentence under an advisory guideline system, the district court did not commit reversible plain error under Booker in this case.

**AFFIRMED**.